## International & Great Northern Railroad Company v. Prudencio Villareal.

Decided October 12, 1904.

**1.—Charge—Submitting Two Counts as One.**

When negligence is alleged on the ground, first, of failure to keep a lookout to discover plaintiff in time to have avoided the injury, and second, failure to warn him of the approach of the engine by blowing the whistle, ringing the bell or otherwise, it was not error for the court to submit both counts as one matter.

**2.—Same—Assuming Fact.**

An instruction that plaintiff could not recover if the engineer warned him of the approach of the train in time for plaintiff by the use of ordinary care to have avoided the accident, was not objectionable as assuming that it was defendant's duty to warn plaintiff of the approach of the train.

**3.—Same—Harmless Error—Submitting Undisputed Issue.**

An instruction to the jury that plaintiff could not recover if "you believe that it was the duty of plaintiff to look out for and discover approaching trains of the defendant," and that he failed to use such care as an ordinarily prudent person would have used under similar circumstances, while erroneous in submitting as an issue plaintiff's duty to keep a lookout, which was admitted by plaintiff, held, however, not ground for reversal in view of a preceding paragraph of the charge instructing that plaintiff could recover, if certain facts were found to be true, provided they further found that plaintiff was not guilty of any negligence contributing to his injury.

**4.—Same—Rate of Speed—Pleading.**

A requested charge that plaintiff not having alleged that defendant's train was being operated at a negligent rate of speed, defendant could not be held guilty of negligence upon that ground even though the train was in fact being operated at a greater rate of speed than a reasonably prudent person would have operated it under the same circumstances, was properly refused where the speed was a factor relating to plaintiff's contributory negligence and also to the issue of discovered peril.

**5.—Same—Burden of Proof.**

A charge that the burden of proof is upon plaintiff to establish his case by a preponderance of the evidence, is sufficient without further instruction that if the evidence is equally balanced in the mind of the jury to find for defendant.

**6.—Section Hand—Evidence—Noise of Train—Testimony of Fact—Conclusion.**

Testimony that the train which struck plaintiff was making less noise than usual was testimony of a fact and not a conclusion, and was relevant to the issue of reasonable care on the part of plaintiff, since the nature of his work, that of a section hand laying new steel, was such as to require him to be upon the track looking down at the rails, and he could not be held negligent in relying to some extent upon his hearing in detecting the approach of a train.

Appeal from the District Court of Bexar. Tried below before Hon. J. L. Camp.

*Hicks & Hicks,* for appellant.

*J. J. Sweeney* and *Thomas O. Murphy,* for appellee.

JAMES, Chief Justice.—Judgment for appellee on account of personal injuries. He alleged that he was a member of a section gang laying new steel on appellant's road and while so engaged he was struck by a passenger train. He alleged negligence of defendant's servants,

thus:　(1) In failing to keep a lookout to discover appellee in time to have avoided the injury; (2) and failed to warn him of the approach of the engine by blowing the whistle, ringing the bell, or otherwise; and (3) that they discovered plaintiff upon the track and in a perilous position and failed, after making such discovery, to use ordinary care to avoid injuring him.

The court in instructing the jury charged that plaintiff sought to recover upon two counts, and submitted the issues as involved in two counts. In doing this the court treated as one matter what the petition designated as to first and second acts of negligence. As really they both entered into the same act of negligence there was no error in the submission. Therefore we overrule the first, second and third assignments.

The fourth assignment alleges that the following language in the charge assumes that it was the defendant's duty to warn plaintiff of the approach of the train by blowing the whistle or ringing the bell: "If, however, you find from the testimony that the engineer in charge of said engine warned plaintiff of the approach of said train by the blowing of the whistle or the ringing of the bell in time for plaintiff by the use of ordinary care to have left the track and avoided the accident and injury, * * * then plaintiff can not recover on the first count in his petition." The charge is not open to the objection that it assumed any fact.

The fifth assignment is: The court erred in charging the jury as follows: "Or if you find that it was the duty of plaintiff to look out for and discover approaching trains of defendant at said time and place," in that this submitted to the jury, to be determined by them, an issue which was admitted by plaintiff and not in dispute.

Appellant's attack on this part of the charge is thus specified in a proposition: "Where, by admission of plaintiff and according to the undisputed evidence, it appears that it was the duty of plaintiff as a section man to look out for and keep out of the way of approaching trains of defendant at the time and place of his injury, it is error for the court to submit said issue to the jury as one of the issues to be determined by them."

Counsel say that the court should merely have charged in that connection that it was the duty of appellee to use reasonable care to discover the approach of the train at said time and place, and left such issue to the jury. This is true.

To test the charge as to whether or not the portion quoted in the assignment constitutes error which requires a reversal, we must consider the charge in its entirety. The court in the paragraph immediately preceding told the jury that plaintiff was entitled to a verdict on the firts count if certain facts were found, provided they further found that plaintiff was not guilty of any negligence contributing to his injury. Then follows this paragraph, which told them "that plaintiff can not

recover on said first count if, among other things, you find that it was the duty of plaintiff to look out for and discover approaching trains of the defendant at said time and place, and if you further find that plaintiff failed to·use such care as an ordinarily prudent person would have used under similar circumstances to look out for and discover the approaching train."

If we consider the above as submitting as an issue whether or not it was plaintiff's duty to look out for trains, and that the jury so understood it and passed on that issue, they must have found either that it was or was not. If they found that it was, then they could not under the charge have found for plaintiff unless they found further that he was acting at the time in that matter as an ordinarily prudent person. Suppose they found that it was not, then the charge was not applicable. It was no instruction to them upon that theory. They were not by that paragraph told what to do on that theory.

The jury would in that event naturally have been guided by the preceding paragraph of the charge, which purported to cover the whole case so far as the first count was concerned, and they were there told that before they could find for plaintiff they must find that he was not guilty of any negligence. We think it wholly improbable that the jury were misled, by the matter complained of, into finding their verdict without passing understandingly upon the issue of plaintiff's contributory negligence as a distinct issue. The assignment is therefore overruled.

The seventh assignment is that the court erred in refusing the following charge: "You are instructed that the plaintiff in this case does not allege that the train of defendant was being operated at a negligent rate of speed, and you are charged that you can not find defendant guilty of negligence upon this ground, even though you should find the train was being operated at a greater rate of speed than a reasonably prudent person would have operated it under the same circumstances."

This was properly refused. The court did not mention the matter of negligent speed in its charge. The speed was, however, a factor relating to plaintiff's contributory negligence, and also to the issue of discovered peril. The charge asked was calculated to cause the jury to ignore such fact and was therefore upon the weight of the evidence.

In reference to the eighth assignment, we hold that where the court charges that the burden of proof is upon plaintiff to establish his case by a preponderance of the evidence, it is not required to give a requested instruction that if the evidence is equally balanced in the mind of the jury to find for defendant.

The ninth, tenth and eleventh assignments complain of certain witnesses being allowed to testify that the train was making less noise than usual, upon the ground that this was the statement of a conclusion, was irrelevant, immaterial, and gave no definite idea of the matter testified

about. The testimony was of a fact and not a conclusion. Its relevancy and materiality to the issue of reasonable care on the part of plaintiff can not well be questioned. The particular work which plaintiff was doing required him to be upon the track, looking down at the rails. He could not be doing this and be looking constantly up and down the track for trains. He had just before, as he states, looked for this train. The track was open for some distance, and in the exercise of due care in respect to observing the approach of the train, it could be well said, considering the work he was expected to be doing, that he was not required to be continually looking up the track, and the jury could well have deemed him ordinarily careful in relying to some extent on hearing it approach. That it came making less noise than usual was a fact they could take into consideration.

The fifteenth, sixteenth, seventeenth and eighteenth assignments of error are overruled in view of the judge's qualifications to the several bills of exception on which they are based.

The nineteenth complains of the verdict being contrary to the evidence and against the great preponderance of the evidence. We conclude that this is not the case.

*Affirmed.*

Writ of error refused.